```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RAYMOND JACKSON,<br><br>                    Petitioner,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 16 Civ. 4792 (LAP)<br>96 Cr. 515 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Petitioner Raymond Jackson's ("Jackson") motion, (see dkt. no. 737)[1], seeking a certificate of appealability ("COA") from the Court's Opinion and Order of March 31, 2022, denying Jackson's motion under 28 U.S.C. § 2255 (see dkt. no. 735).  The Government opposes the motion.  (See dkt. no. 739.)  For the reasons stated below, Mr. Jackson's motion is DENIED.

    Jackson, through counsel, seeks a COA, pursuant to 28 U.S.C. § 2253(c), from this Court on two issues that formed an alternative basis for denying Jackson's § 2255 motion: (1) "[w]hether the record demonstrates that on Count 77, Jackson pleaded guilty only to a 'conspiracy' to commit murder (in aid of a racketeering enterprise), which is not a crime of violence under the elements clause of § 924(c)(1)(A);" and (2) "[w]hether

---

[1] Unless otherwise specified, all citations to docket entries herein refer to 96-cr-515.

1

the offense of murder 'in violation of New York State Penal Law' is not a 'categorical' crime of violence because (i) it can be committed recklessly, by 'depraved indifference;' and (ii) intentional murder can be committed by inaction or an act of omission."  (Dkt. no. 737 at 2.)

A court should only issue a COA when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2).  The Supreme Court has clarified that this standard requires a petitioner to demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and quotations omitted).

Although Jackson raises two issues related to his constitutional claims, he did not address the Court's denial of his § 2255 motion for failure to overcome a procedural default by establishing actual prejudice.  In Slack, the Supreme Court held that "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding.  Section 2253 mandates that both showings be made before the court of

appeals may entertain the appeal." Slack, 529 U.S. at 475; see also Rhagi v. Artuz, 309 F.3d 103, 106-07 (2d Cir. 2002).  In Rhagi, the Court of Appeals held that the "COA issued by the District Court was deficient because it was issued only with respect to petitioner's constitutional claims on the merits, and not on the question of procedural bar." Rhagi, 309 F.3d at 105. Because Jackson did not address the Court's procedural holding, any COA issued by this Court would be deficient, as resolving these issues alone would have no impact on the outcome of his § 2255 motion.  Thus, Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, Petitioner's motion for a COA is DENIED.  The Clerk of the Court shall close the open motion. (Dkt. no. 737.)

**SO ORDERED.**

Dated:     June 10, 2022
           New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge